In the Matter of CEMETERY STONE HANDLERS, ERECTORS & GRANITE YARD HELPERS, LOCAL No. 106, Petitioner. FRANK PALUMBO et al., Doing Business as G. PALUMBO & SONS, Respondent.

Supreme Court, Special Term, Bronx County, May 7, 1954, after reargument.

*Jackrel & Kopelman* for petitioner.

*Rocco L. Moles* for respondent.

MATTHEW M. LEVY, J. A collective bargaining labor agreement was entered into between Cemetery Stone Handlers, Erectors and Granite Yard Helpers of Greater New York and Long Island, Local 106 of the International Association of Marble, Slate and Stone Handlers, affiliated with the American Federation of Labor, on the one part (hereinafter referred to as the " Union "), and Associated Granite Craftsmen's Guild, Inc., Metropolitan Memorial Industries, Inc., Monument Contract Setters Association and New York Building Granite Manufacturers Association, on the other part (hereinafter referred to as the " Associations "), and, on the third part, by G. Palumbo and Sons (hereinafter referred to as the " Employer "). The agreement establishes certain machinery for the settlement of disputes between union and employer. A so-called Granite Setters and Helpers Joint Board is set up by the agreement, composed of representatives of the Associations, the employers and the Union. The Union has applied for an order of this

court confirming an "award" unanimously made by the Joint Board in favor of the Union and against the individual employer, who is the respondent before me on this motion. The Associations in effect support the Union's application.

The respondent has raised several factual questions as to the execution of the agreement, the constitution of the Joint Board, and the manner in which the proceedings before it were held. As I view the case, I need not resolve these issues, for at the very threshold of the consideration of the matter it would appear that as a matter of law the proceeding has been instituted for relief which is not available under the terms of the collective agreement itself.

Section 14 of the agreement provides: "Should any difference or dispute arise between the Employer and the Union, or between the Employer and the employees of any Employer, as to the meaning and application of, or compliance with, the provisions of this agreement, or should any grievance or dispute arise between the parties concerning operations under this agreement, such differences or dispute shall be settled in the following manner: First, between the aggrieved employee, Shop Steward and foreman of the department or the respective Employer; Second, between the aggrieved employee, the Business Agent of the Union and the Employer; Third, by the Joint Board, hereinafter described." Section 15 provides for the establishment of the Joint Board; it is to consist of ten members — five representatives of the Union and five representatives selected by the Associations and the employers; each group is to act as a unit; and any decision of the Joint Board must be concurred in by both the labor and employer representatives. The agreement then significantly proceeds, in section 16-A: "Any such difference or dispute between an Employer and the Union, or between an Employer and an employee or employees, that has not been satisfactorily settled within five (5) days after all steps have been taken, as herein provided, shall, upon the written request of either party to this agreement, be submitted to arbitration under the Voluntary Labor Arbitration Rules then obtaining of the American Arbitration Association. The parties agree to abide by the award."

It is thus unmistakably plain that the Joint Board was established here not to render a binding determination, but to try to "settle" any matter in dispute which might arise between the parties to the agreement, and that while the board has the power to make such findings as it may deem proper in each

instance, this mediatory device was not to be an " arbitration " giving rise to an " award " enforcible in the courts (see Civ. Prac. Act, art. 84). I do not say that it is not legally proper to establish a board of joint representatives of management and labor, so constituted and empowered as to have the authority to arbitrate disputes, and to have its awards subject to confirmation and enforcement in the Supreme Court. What I do say is that under the clear terms of this agreement the present Joint Board is not so constituted and was not intended to be. So far as the instant agreement goes, if a party does not see fit to abide by a decision of the Joint Board it may be that he subjects himself to other sanctions within the purview of the contract — but not to judicially compulsive compliance with the decision. The Joint Board in this instance is but one tribunal in the hierarchy of the grievance machinery, and not the ultimate tribunal. The parties intended that in the event any dispute between them is not " settled " by means of any of the three steps provided for in paragraph 14 (including even a bi-partisan decision of the Joint Board), then, " upon the written request of either party to this agreement " the matter is to " be submitted to arbitration ", and then only does the contract provide the compulsion: " The parties agree to abide by the award ".

Thus far I have not discussed the effect of subdivision (a) of section 13 of the agreement. It reads as follows: " Any Employer who shall violate the provisions of this agreement shall be deemed to have breached this agreement and may be required, by a determination of the Joint Board or by arbitration, as hereinafter provided, to pay the Union a sum of money up to two hundred ($200.00) dollars as liquidated damages for each such violation, which determination shall be final and binding on both the Employer and the Union and to deposit the sum of $500.00 in escrow with the Joint Board or furnish a bond as described in the next paragraph, 13 (b). Failure of an Employer to abide by the determination of the Joint Board or Arbitrator shall constitute a complete breach of agreement on the part of the Employer, which shall enable the Union to enter judgment on such award in any court of competent jurisdiction and to strike such Employer."

This clause gives the Joint Board more definitive power than merely to endeavor to " settle " a dispute, and a determination may be made by the Joint Board under this section that need not also be submitted to the arbitration tribunal. But even so, I am of the view that subdivision (a) of paragraph 13 is of no

avail to the petitioner in the present proceeding. The right to enter judgment in our courts is statutory — and not consensual alone. If the determination here provided for were to result in a formal confession of judgment, the Civil Practice Act would permit and facilitate the entry of judgment (§ 543). If there were an arbitration, the Civil Practice Act provides for the entry of judgment on the award (§ 1464). It is plain, however, that this paragraph of the agreement envisages neither an arbitration award when the Joint Board acts, nor a judgment by confession when either tribunal acts. This section provides in effect that the failure of the employer to abide by the determination of the Joint Board or of the tribunal set up by the American Arbitration Association shall constitute a breach of the agreement — for which specified damages are recoverable and security obtainable by the Union. In short, it provides simply for liquidated damages and an escrow deposit, which, upon determination of the Joint Board, " shall enable the Union to enter judgment " thereon " in a court of competent jurisdiction." When the determination under subdivision (a) of paragraph 13 is by the Joint Board, and not by the arbitration tribunal, there is no statutory provision for the entry of judgment thereon by way of a special proceeding, and that is the nature of the instant process. An " action " must, therefore, be instituted before judgment may be entered in a situation such as this, and there is here no summons, no complaint, no action (Rules Civ. Prac., rule 202, subd. 2).

The motion is accordingly denied, and the petitioner is relegated to the arbitration proceeding provided for in, or the plenary action required by, the agreement. Order signed.